IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN L. HAMPTON II | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1766-SMY-RJD |
| | ) |
| TERRY DIXON, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff John Hampton II filed this *pro se* action pursuant to the Federal Tort Claims Act, §§ 1346, 2671-2680, seeking monetary relief against Defendant Terry Dixon arising from a work-related injury (*see* Doc. 2). This matter is now before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 2). For the following reasons, the Motion is **DENIED**.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts and applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Hampton is currently incarcerated at Lawrence Correctional Center. He states in his motion that he makes $10.00 per month and has no other income. However, because Hampton

failed to include a copy of his prisoner trust account, the Court is unable to verify his indigent status.

That said, even if Hampton's indigent status was verified, the Court's inquiry would not end there because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court can dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In conducting the § 1915(e)(2) screening, the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Hampton claims that he was injured while working on a construction project at Dixon's home in Alton, Illinois. He alleges that while he was employed by Dixon, his spine was fractured in two separate locations and his foot was permanently deformed. He seeks compensatory damages in the amount of $300,000.

Hampton's asserted basis for this Court's jurisdiction is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. Under the FTCA, district courts have exclusive jurisdiction of civil actions or claims "against the United States . . . for injury or loss or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any

employee of the Government while acting within the scope of his office or employment . . .." 28 U.S.C. § 1346(b).  "Employee of the government" includes an employee of any federal agency or persons acting on behalf of a federal agency.  28 U.S.C. § 2671.  The definition of "federal agency," however, specifically excludes "any contractor with the United States."  *Id.*

Hampton cannot pursue a FTCA claim against Dixon.  He specifically alleges that Dixon was not employed by the state, local, or federal government, but rather is the owner/supervisor/operator of a construction business located in Alton, Illinois.  Thus, Dixon is not a federal employee within the meaning of §1346 and Hampton cannot maintain his lawsuit under the FTCA.

There is also no diversity jurisdiction over Hampton's claim pursuant to 28 U.S.C. § 1332.  Under 28 U.S.C. § 1332(a)(1), district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  In other words, no plaintiff may be a citizen of the same state as any defendant.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).  "Citizenship" for diversity purposes is determined by a party's domicile, *see Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir. 1994), which means the state where a party is physically present with an intent to remain there indefinitely.  *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993).

Hampton is a citizen of Illinois.  Although the Complaint is silent as to Dixon's citizenship, Hampton alleges that Dixon is the owner of a business located in Alton, Illinois and that his injuries occurred while he was performing work on Dixon's home in Alton.  Based on the allegations in the Complaint, the Court finds that Dixon is also a citizen of Illinois.  Because diversity of citizenship exists only when no plaintiff and no defendant are citizens of the same

state, there is no diversity jurisdiction in this case. In the absence of federal question or diversity jurisdiction in this case, Hampton's Complaint must be dismissed for lack of subject matter jurisdiction.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Proceed *in forma pauperis* is **DENIED.** Pursuant to 28 U.S.C. § 1915(e)(2)(B), this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: October 5, 2018**

                                            **s/ Staci M. Yandle**
                                            **STACI M. YANDLE**
                                            **United States District Judge**